<hr />

(74 App. Div. 476.)

HOFFMAN HOUSE v. MANHATTAN STORAGE & WAREHOUSE CO. et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. INTERPLEADER—SUBSTITUTION OF DEFENDANTS.

Motion of defendant M. for order of interpleader substituting B. as defendant in place of M. in action against M. and H. to recover two pictures, the complaint alleging that they are the property of plaintiff, and are detained by M., as agent of H., by whom they were stored with M., should not be granted, being based on the assumption, from interviews with plaintiff's attorney, that plaintiff will not claim defendant had possession of one picture, and that the title to the other is claimed by B.; the complaint not being amended, and plaintiff's counsel denying that he has made any agreement that he will not hold M. for both pictures; it not being pretended that B. claims one picture, and the other having been seized on replevin requisition issued in the action, and nothing having been rebonded.

Appeal from special term, New York county.

Action by the Hoffman House against the Manhattan Storage & Warehouse Company and another. From order granting motion of defendant company for an order of interpleader substituting Rose L. Barclay as defendant in its place, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Albert A. Wray, for appellant.

Frederick Hulse, for respondents.

LAUGHLIN, J. The action is brought to recover two oil paintings, one entitled "Faust's Dream," and the other entitled "Eve." The complaint alleges that the Manhattan Storage & Warehouse Company is a storage and warehouse keeper; that these chattels belong to the plaintiff, were wrongfully taken from its possession, are in the possession of the Manhattan Storage & Warehouse Company, having been stored with it by the defendant Ella Hathorne, and are wrongfully kept and detained from the plaintiff by the warehouse company as her agent or bailee. The motion proceeded on the assumption, based upon interviews with the attorney for the plaintiff, that the plaintiff would not claim that the defendant had possession of the painting entitled "Eve," and that title to the other painting is claimed by Rose L. Barclay. The complaint has not been amended, and the plaintiff's attorney denies that he has made any agreement that he will not hold the warehouse company for both paintings. It is not pretended that Rose L. Barclay claims title to the painting "Eve." The painting "Faust's Dream" was seized by the sheriff pursuant to a replevin requisition issued in the action, and the warehouse did not rebond it, and no longer has the possession or control thereof. It would be entirely proper to bring in Rose L. Barclay as a party defendant, since she claims to own one of the paintings; but that relief was not demanded. There was, however, no authority to grant the order appealed from, which, in effect, terminates the warehouse company's liability for both paintings.

The order should therefore be reversed, with $10 costs and disbursements, and the motion for an interpleader should be denied, with costs, without prejudice to a motion on the part of the warehouse company to bring in Rose L. Barclay as a party defendant. All concur.